NOS. 07-10-0418-CR
07-10-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2011
_____

BRYANT KESSLER JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE CRIMINAL DISTRICT COURT NO. TWO OF TARRANT COUNTY;

NOS. 1207009R & 1208348R; HON. WAYNE SALVANT, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Bryant Kessler Jones, appellant, appeals his convictions for engaging in organized criminal activity. Appellant timely perfected his appeals. The clerk's record was filed on November 4, 2010, and the reporter's record on March 3, 2011. Appellant's brief was due on April 4, 2011. On April 13, 2011, the court sent a letter to counsel for appellant notifying her that the brief was overdue and that it or a response was due on April 25, 2011. Counsel filed a request to extend the time to file the brief

which was granted to May 25, 2011. To date, no brief nor an extension to file the brief has been filed. It appears as though appellant or his counsel simply ignored the deadlines previously imposed.

Those convicted of criminal acts are entitled to effective assistance of counsel on appeal. The failure of counsel to timely prosecute an appeal falls short of rendering such assistance. Consequently, we abate the appeal and remand the cause to the Criminal District Court No. Two of Tarrant County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed or retained. The trial court is ordered to execute pertinent findings of fact on these matters. Should it be found that appellant desires to pursue the appeal, is indigent, and his current legal counsel was appointed, then the trial court is ordered to remove appellant's current legal counsel and appoint another to zealously represent appellant's interest on appeal. The name, address, phone number, telefax number, and state bar number of the new attorney must also be included in the court's findings of fact and conclusions of law. Should it be determined that counsel was retained, then this appellate court will initiate appropriate disciplinary measures against him to secure compliance with its orders and the ethical and fiduciary duties due his client. Lastly, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument

presented at the aforementioned hearing. The foregoing supplemental clerk's and reporter's records must be filed by the trial court with the clerk of this court on or before June 30, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before June 30, 2011.

It is so ordered.

Per Curiam

Do not publish.